IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-746-GCM

| | |
|---|---|
| FRANCISCO AVOKI )<br><br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLINA TELCO FEDERAL CREDIT )<br>UNION, )<br>)<br>DOES 1–XXX, )<br>)<br>Defendants. )<br>) | ORDER |

This matter is before the Court upon Defendant's Motion to Dismiss pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure (Doc. No. 11). This motion has been fully

briefed and is ripe for disposition.

## I. FACTUAL BACKGROUND

Plaintiff Francisco Avoki ("Plaintiff") initiated this action against Carolinas Telco

Federal Credit Union ("Defendant" or "Telco"), bringing claims for unfair and deceptive trade

practices, breach of contract, breach of the duty of good faith and fair dealing, violation of the

Fair Debt Collection Practices Act ("FDCPA"), negligent misrepresentation, violation of the

Truth in Lending Act ("TILA"), violation of the Consumer Financial Protection Act ("CFPA"),

violation of the Equal Credit Opportunity Act ("ECOA"), and punitive damages.

Plaintiff was the owner of a Telco account. On November 14, 2012, Plaintiff applied for

a share secured loan with Telco for the purpose of purchasing a home. The loan was secured

with $35,000.00 in Plaintiff's account.  Plaintiff also allegedly had a life insurance policy with Defendant. The loan agreement contained an acceleration clause that brought the entire balance due in the event of a default.  It also provided that Defendant has the "right to take possession of the property given as security for the loan, without judicial process if this can be done with no breach of the peace."

Plaintiff missed multiple loan payments due, in part, to a residential fire.  On June 17, 2013, Defendant notified Plaintiff that his account was past due and sought payment or arrangements for payment "within the next few days."  (*See* Doc. No. 11-5).  On June 26, 2013, Defendant advised Plaintiff that his "account remains delinquent, and we have notified you several times to make you aware that it is important for you to bring the past due amount up to date."  (*See* Doc. No. 11-6).  The June 26 correspondence further states that "when you signed the loan agreement, you were advised that if you should default on your payments, the entire balance would be due and payable at once."  (*See id.*).  On July 17, 2013, Defendant advised Plaintiff that "by reason of default in the payment of the installments on the share secured note… the credit union has elected to declare the entire indebtedness . . . immediately due and payable." (*See* Doc. No. 11-7).  Defendant also advised that if payment of the full balance was not received immediately, Defendant would "have no alternative other than to transfer the full balance of your loan from your share account."  (*See id.*).  Having received no response, Defendant exercised its rights under the loan agreement to set off the amounts owed. After Defendant took control of the funds within Plaintiff's account, a delinquency remained for $306.99.

Plaintiff concedes he failed to make payments on April 14, 2013 and May 14, 2013 and that "Telco withdraw [sic] all $31,829.31 full balance paid the loan account and report[ed] [a]

delinquency of $306.99 to the credit bureau . . . ." (*See* Doc No. 1, at ¶¶ 5–6). Plaintiff visited a

Telco branch on July 25, 2013 in an attempt to make payments, however at this point Defendant

allegedly refused to let him pay his debt. On January 16, 2015, Plaintiff sent another letter

asking the bank to reopen their account. On June 17, 2015, Plaintiff allegedly attempted to

secure a loan for a new car, only to find out that his credit score was affected by a $322.71

obligation to Defendant.

## II. DISCUSSION

### a. Plaintiff's Surreply

As a threshold matter, Plaintiff filed a surreply in this matter without requesting leave of

the Court. Defendant has moved to strike the surreply (Doc. No. 17). The Court finds that

although it did not grant prior leave to Plaintiff to file the surreply, Plaintiff's surreply does

address pertinent issues regarding Defendant's statute of limitations arguments, including

arguments that were raised in Defendant's reply. Accordingly, the Court will deny Defendant's

motion to strike and will consider Plaintiff's surreply in this matter.

### b. Standard of Review

Turning to Defendant's Motion to Dismiss, the purpose of a motion to dismiss is to test

the legal sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.

1999). A complaint must contain "enough facts to state a claim to relief that is plausible on its

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard requires

"more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*

(quoting *Twombly*, 550 U.S. at 570).  A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).  Conclusory allegations or legal conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 681.

### c.  Unfair and Deceptive Trade Practices

Plaintiff's first claim for relief is an alleged violation of the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA").

Any civil action brought under § 75 must be commenced within four-years of the cause of action. *See* N.C. Gen. Stat. § 75-16.2.  Plaintiff bases his UDTPA claim on Telco's 2013 set-off by transferring funds he pledged in his account to pay the loan.  Plaintiff was well aware of and even threatened litigation regarding the set-off in August of 2013.  However, Plaintiff did not bring this proceeding until December 28, 2017.  Therefore, his UDTPA claim is barred by the four-year statute of limitations.

Plaintiff's UDTPA claim must be dismissed pursuant to Rule 12(b)(6).

### d.  Breach of Contract

Plaintiff's second claim for relief is based upon an alleged breach of contract.

Claims based upon a breach of contract are subject to a three-year statute of limitations. *See* N.C.G.S. § 1-52.  In North Carolina, a cause of action for breach of contract accrues, and the statute of limitations period begins to run, when the injury becomes or reasonably should become apparent to the claimant. *Lockerman v. S. River Elec. Mbrshp. Corp.*, 794 S.E.2d 346, 355 (N.C. Ct. App. 2016) (citing *ABL Plumbing & Heating Corp. v. Bladen Cnty. Bd. of Educ.*, 623 S.E.2d 57, 59 (N.C. Ct. App. 2005)).  Similar to the UTPA cause of action, the basis of Plaintiff's

breach of contract claim is Defendant's 2013 set-off by transferring funds he pledged in his account to pay the loan. As already discussed, Plaintiff was aware of and even threatened litigation regarding the set-off in 2013. Because Plaintiff did not bring this proceeding until December 28, 2017, his breach of contract claim is barred by the three-year statute of limitations.

Plaintiff's breach of contract claim is dismissed pursuant to Rule 12(b)(6).

### e. Breach of Good Faith and Fair Dealing

Plaintiff's third claim for relief is an alleged breach of the duty of good faith and fair dealing.

A claim for breach of duty of good faith and fair dealing is subject to a three-year statute of limitations. N.C. Gen. Stat. § 1-52(1); *see also Ussery v. Branch Banking & Tr.Co.*, 777 S.E.2d 272, 277 n.5 (N.C. 2015) ("[C]laims for negligence, negligent misrepresentation, breach of contract, breach of fiduciary relationship, breach of duty of good faith and fair dealing, and fraud are subject to a three-year statute of limitations"). The basis of Plaintiff's duty of good faith and fair dealing claim is Defendant's set-off by transferring funds he pledged in his account to pay the loan. However, Plaintiff was aware of and even threatened litigation regarding the set-off in August of 2013. Because Plaintiff did not bring this proceeding until December 28, 2017, his breach of good faith claim is barred by the three-year statute of limitations.

Plaintiff's breach of good faith and fair dealing claim is dismissed pursuant to Rule 12(b)(6).

### f. Violation of Consumer Financial Protection Act

Plaintiff's fourth claim for relief alleges a violation of the Consumer Financial Protection Act ("CFPA"). There is no private right of action to enforce the provisions of the CFPA.

*Johnson v. J.P. Morgan Chase Nat. Corp. Servs., Inc.*, No. 3:13-CV-678-MOC-DSC, 2014 U.S.

Dist. LEXIS 122552, at *11 (W.D.N.C. Aug. 5, 2014) (citing *In re Capital One Derivative*

*Shareholder Litigation*, No. 1:12cv1100, 2012 U.S. Dist. LEXIS 182301 at *23 & n.13 (E.D. Va.

Dec. 21, 2012). Instead, 12 U.S.C. § 5564(a) provides:

> If any person violates a Federal consumer financial law, the Bureau may, subject
> to sections 5514, 5515, and 5516 of this title, commence a civil action against
> such person to impose a civil penalty or to seek all appropriate legal and equitable
> relief including a permanent or temporary injunction as permitted by law.

12 U.S.C. § 5564(a). Therefore, Plaintiff cannot maintain an action under the CFPA.

Additionally, Plaintiff concedes that his purported cause of action under the CFPA should

be dismissed in his response to Defendant's motion to dismiss. As such, it is now undisputed that

the CFPA claim should be dismissed.

### g. Fair Debt Collection Practices Act

Plaintiff's cause of action based upon a purported violation of the Fair Debt Collection

Practices Act ("FDCPA") is barred by the one-year statute of limitations found in 15 U.S.C.

§ 1692k(d).

The FDCPA's statute of limitations is "one year from the date on which the violation

occurs." 15 U.S.C. § 1692k(d). According to Plaintiff's complaint, the collection activities at

issue occurred in 2013. Because Plaintiff did not bring this proceeding until December 28, 2017,

his FDCPA is barred by the one-year statute of limitations.

Plaintiff's FDCPA claim is dismissed pursuant Rule 12(b)(6).

### h. Fair Credit Reporting Act

Plaintiff's sixth claim for relief alleges a violation of the Fair Credit Reporting Act

("FCRA").

A FCRA claim must be brought "not later than the earlier of (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p. According to Plaintiff's own complaint, he had knowledge of the reported delinquency on January 16, 2015. To the extent that Plaintiff bases his claim on his June 17, 2015 interaction with an automobile dealer, such a claim would still be barred as untimely. Plaintiff did not bring this proceeding until December 28, 2017. Therefore, his FCRA claim is barred by the two-year statute of limitations.

Plaintiff's FCRA claim is dismissed pursuant to Rule 12(b)(6).

i. **Violation of the Equal Credit Opportunity Act**

Plaintiff's seventh claim alleges that Defendant violated the Equal Credit Opportunity Act ("ECOA") by refusing to extend him credit after a default.

The ECOA provides, in relevant part, that "[i]t shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction . . . on the basis of race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691(a). In situations where an "adverse action" is taken against a prospective borrower, a creditor must provide a "statement of reasons" to the applicant. 15 U.S.C. § 1691(d). The term "adverse action," however, does not include a "refusal to extend additional credit under an existing credit arrangement where the applicant is delinquent or otherwise in default. 15 U.S.C. § 1691(d)(6); *see also* 12 C.F.R. 202.2(c)(2)(ii) ("An 'adverse action' does not include "[a]ny action or forbearance relating to an account taken in connection with inactivity, default, or delinquency as to that account."). Here, Plaintiff admits that Defendant denied an extension of credit after

Plaintiff defaulted on his obligation. Accordingly, this claim should be dismissed for failure to state a claim upon which relief can be granted.

Plaintiff's ECOA claim is dismissed pursuant to Rule 12(b)(6).

**j. Negligent Misrepresentation**

Plaintiff's eighth cause of action is for negligent misrepresentation.

The statute of limitations applicable to negligent misrepresentation claims is three years. N.C. Gen. Stat. § 1-52(5); *see also Barger v. McCoy Hillard & Parks*, 469 S.E.2d 593, 594 (N.C. Ct. App. 1996) ("[The] plaintiffs' claim is one for negligent misrepresentation and is governed by the statute of limitations set out in G.S. § 1-52(5)."). Plaintiff claims that the purported misrepresentation occurred on November 14, 2012. In making this claim, Plaintiff also references conduct which occurred in 2013. Because Plaintiff did not bring this proceeding until December 28, 2017, his negligent misrepresentation claim is barred by the three-year statute of limitations.

Plaintiff's negligent misrepresentation claim is dismissed pursuant to Rule 12(b)(6).

**k. Violation of the Truth in Lending Act**

Plaintiff's cause of action based upon a violation of the Truth in Lending Act ("TILA").

Claims under the TILA are subject to the one-year statute of limitations found in 15 U.S.C. § 1640(e). The statute of limitations begins to run on the date of the violation. *See id.* In the Complaint, Plaintiff claims that the TILA violation occurred on November 14, 2012. (*See id*. at ¶¶ 5 and 80). Plaintiff did not bring this proceeding until December 28, 2017. Because Plaintiff did not bring this proceeding until December 28, 2017, his negligent misrepresentation claim is barred by the three-year statute of limitations.

Accordingly, Plaintiff's TILA claim is dismissed under Rule 12(b)(6).

### l. Punitive Damages

Plaintiffs "punitive damages" claim for relief is not a separate and distinct cause of action. Because all the other claims are dismissed, the Court need not discuss punitive damages.

### m. Tolling of the Statute of Limitations

In his response, Plaintiff argues that the statute of limitations should be tolled because a previous lawsuit had been filed and dismissed within the statute of limitations.

The fact that Plaintiff's prior federal action was dismissed does not toll the statute of limitations, as "[a] dismissal does not toll the statute of limitations." *Roseboro v. Home Depot United States*, No. 3:12-cv-00569-W, 2012 U.S. Dist. LEXIS 171845, at *1 (W.D.N.C. Dec. 4, 2012). The Court's prior dismissal did not provide that the statute of limitations for any causes of action be tolled, nor did Plaintiff ask that such language be included in his motion for voluntary dismissal.

Similarly, Plaintiff is not entitled to equitable tolling. Equitable tolling is "a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Wallace v. Kato*, 549 U.S. 384, 396 (2007). The Fourth Circuit has stated that equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). Equitable tolling is only appropriate where a plaintiff demonstrates "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Id*.

9

Plaintiff has not shown that "extraordinary circumstances" exist that would warrant equitable tolling in this case. The fact that Plaintiff is proceeding without a lawyer does not automatically entitle him to equitable tolling. *Morris v. Clarke*, No. 1:13cv629, 2013 U.S. Dist. LEXIS 193675, at *1 (E.D. Va. Dec. 3, 2013) ("pro se status and lack of legal knowledge do not justify equitable tolling."). Plaintiff seeks equitable tolling due to his illness, a general heart failure, which began on December 2, 2016. While the Court is sympathetic to Plaintiff's health issues, Plaintiff does not explain why his illness in December 2016 should toll causes of action that expired before he filed his prior suit, nor does he provide details about how long his illness persisted and how it affected his ability to bring suit this current suit. And finally, nothing contained in the order dismissing Plaintiff's prior suit shows that Plaintiff requested a stay of that matter or a tolling of the statute of limitations at that time. Thus, Plaintiff has not shown that he was unable to bring suit prior to his illness, nor has he shown that he made any effort to seek a stay or a tolling of his prior suit because of his illness. Rather, he voluntarily dismissed his own claims. Accordingly, he has not shown extraordinary circumstances justifying an equitable tolling of the statute of limitations.

n. **Does 1–XXX**

Plaintiff also brings suit against John Does 1–XXX, alleging the same causes of action. For the reasons stated above, those claims also must be dismissed as a matter of law.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike (Doc. No. 17) is **DENIED**, and Defendant's Motion to Dismiss (Doc. No. 11) is **GRANTED**. Plaintiff's Complaint is hereby **DISMISSED** in its entirety, and the Clerk is directed to close this case.

**SO ORDERED.**

Signed: July 24, 2018

Graham C. Mullen
United States District Judge